## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSE TILLEY | CIVIL ACTION |
| VERSUS | NO. 13-6104 |
| AMERICAN TUGS, INC., M/V BORN AGAIN AND ABC INSURANCE COMPANY | SECTION "N" (5) |

## ORDER AND REASONS

On January 16, 2014, this Court denied Plaintiff's initial motion seeking remand (Rec. Doc. 7) of this action, *i.e.*, Plaintiff's Jones Act and general maritime law claims, to state court. See Rec. Doc. 11. Thereafter, on motion by Plaintiff, filed in response to the January 16, 2014 Order and Reasons (Rec. Docs. 11 and 14), the Court, citing 28 U.S.C. §1441(c)(2), severed and remanded Plaintiff's Jones Act claims to state court, while retaining jurisdiction of his general maritime law claims. See Rec. Doc. 16. The Court having subsequently reviewed additional pertinent authorities not discussed in the parties' submissions, including those analyzed in the Court's April 8, 2014 Order and Reasons in *Freeman v. Phillips 66 Company, et al.* (Civil Action Number 14-624, Section "N" (E.D. La.) (Rec. Doc. 7)), **IT IS ORDERED** that the January 16, 2014 Order and Reasons (Rec. Doc. 11) entered herein, denying Plaintiff's initial motion to remand (Rec. Doc. 7), is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand (Rec. Doc. 7) is **GRANTED** and that the entirety of this action is **REMANDED** to Civil District Court, Parish of Orleans, State of Louisiana.

In so ruling, the Court notes that Jones Act claims are nonremovable as a matter of matter of statutory law. *See* 46 U.S.C. § 30104; 28 U.S.C. § 1445(a); *see also, e.g., Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001); *Lackey v. Atlantic Richfield Co.,* 990 F.2d 202, 207 (5th Cir. 1993) ("It is axiomatic that Jones Act suits may not be removed from state court.").

Thus, Plaintiff's Jones Act claim renders this action nonremovable unless the requirements of 28 U.S.C. § 1441(c) are satisfied. Given that Plaintiff's general maritime law claims do not constitute "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of [Title 28])," for purposes of 28 U.S.C. §§ 1441(c)(1), that subsection of the federal removal statute does not render Plaintiff's action removable. *See* 28 U.S.C. §1441(c)(2014); *see also Barker v. Hercules Offshore, Inc.* 713 F.3d 208, 222 (5th Cir. 2013) ("federal question jurisdiction is . . . founded on a claim or right 'arising under the laws. . . . of the United States,' 28 U.S.C. §1331"); *In re Dutile*, 935 F.2d 61, 62-63 (5th Cir. 1991) ("claims in admiralty, whether designated in rem or in personam, do *not* fall within [the category of actions 'founded on a claim or right 'arising under the Constitution, treaties, or laws of the United States']") (citing *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 378 (1959).[1] Accordingly, remand to state court is warranted.[2]

    New Orleans, Louisiana, this 16th day of May 2014.

                                                  **Kurt D. Engelhardt**
                                                  **United States District Judge**

---

[1] Although the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, § 103, took out the "separate and independent" requirement previously found in 28 U.S.C. §1441(c), it did not similarly eliminate the reference therein to 28 U.S.C. §1331. *See* 28 U.S.C. §1441(c) (2014). The Court additionally notes that allowing removal of Plaintiff's state court action, given the absence of diversity or other federal question jurisdiction, would deprive Plaintiff of the jury trial of all of his claims that he would be permitted in state court. *See* February 20, 2014 Order (Rec. Doc. 20)(granting Defendant's motion to strike jury). As noted by Judge Zainey of this Court, in *Barry v. Shell Oil Company*, "'[t]rial by jury is an obvious, but not exclusive, example of the remedies available to suitors' under the saving to suitors clause [in 28 U.S.C. §1333]." *See Barry v. Shell Oil Company*, Civil Action No. 13-6133, 2014 WL 775662, *3 (E.D. La. 2/25/14)(quoting *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001)).

[2] The Court reconsiders Plaintiff's motion to remand *sua sponte* because it concerns the Court's limited removal jurisdiction. The Court's January 16, 2014 ruling concentrated on the assertions made, and authorities cited, in the parties' memoranda, which essentially gloss over the delimiting language of 28 U.S.C. §1441(c)(1)(A). As stated herein, however, the Court, upon further review, finds that language to be dispositive of Plaintiff's motion notwithstanding the 2011 revision of 28 U.S.C. §1441(b) and/or the deletion of the "separate and independent" requirement from 28 U.S.C. §1441(c).